

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2816

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2816

YUE ZHU LIU,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-000-198
(U.S. Immigration Judge: Honorable Rosalind K. Malloy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed: February 12, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Liu is a native and citizen of the People's Republic of China.  Her husband and

two children are U.S. citizens.  Liu initially sought asylum based on religious persecution.

On March 19, 2004, she withdrew her application for asylum and was granted voluntary departure.

On June 15, 2004, Liu filed a motion to reopen removal proceedings before the Immigration Judge (IJ) based on her fear of forced sterilization for being in violation of China's Family Planning Policy. The IJ denied the motion in a summary order, and the Board of Immigration Appeals (BIA) summarily dismissed the appeal because Liu's attorney failed to file a brief.

On February 15, 2006, Liu filed a motion to reopen based on changed circumstances and ineffective assistance of counsel in the prior proceeding. The BIA denied the motion and Liu filed a timely petition for review. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of the BIA.

"A motion to reopen must establish *prima facie* eligibility for asylum" and requires an applicant to "produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]." *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004). "[W]e review the denial of a motion to reopen for abuse of discretion," which means, the decision will not be disturbed unless it is "arbitrary, irrational, or contrary to law." *Id.* at 562. We will deny Liu's petition for review.

I.

The BIA denied the motion to reopen as untimely. A motion to reopen a proceeding must be filed no later than ninety days after the date on which the final

2

administrative decision was rendered.  8 C.F.R. § 1003.2(c)(2).  Here, the final decision

was rendered on March 30, 2005, and the motion to reopen was filed in February 2006.

Furthermore, none of the exceptions[1] apply.  *See* 8 C.F.R. § 1003.2(c)(3).  As discussed

below, during Liu's March 19, 2004 hearing, evidence of "changed circumstances" was

known and it could have been presented.  Further, changed personal circumstances are

distinct from changed circumstances arising in the country of nationality.  *See Wang v.*

*BIA*, 437 F.3d 270, 274 (2d Cir. 2006).  Accordingly, the BIA did not abuse its discretion

in finding Liu's motion untimely.

II.

Ineffective assistance of counsel can be a proper ground for reopening a

deportation proceeding.  *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131-32 (3d Cir. 2001).

Liu contends that her counsel was ineffective because he did not submit a brief to the

BIA.  Under *Matter of Lozada*, 1988 WL 235454, 19 I. & N. Dec. 637 (BIA 1988), the

applicant must meet three requirements[2] and show prejudice.  *Zheng v. Gonzales*, 422

---

[1] The most relevant exception is 8 C.F.R. § 1003.2(c)(3)(iii): "To apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

[2] [First,] the alien's motion must be supported by an 'affidavit of the allegedly aggrieved [alien] attesting to the relevant facts'; [second,] 'former counsel must be informed of the allegations and allowed the opportunity to respond,' and this response should be submitted with the motion; and [third,] 'if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal

(continued...)

3

F.3d 98, 106 (3d Cir. 2005). The BIA found insufficient evidence to satisfy the second and third *Lozada* requirements. Furthermore, the BIA concluded Liu failed to show prejudice.

The BIA did not abuse its discretion in finding a lack of prejudice. The BIA "shall not" grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). Liu's affidavits state she was aware of her second pregnancy on March 14, 2004. Five days later, on March 19, 2004, Liu withdrew her application for asylum and the IJ granted her application for voluntary departure. Accordingly, even if Liu's counsel had submitted a brief, the BIA could not have granted the motion because the evidence Liu sought to offer was known and available at the March 19 hearing before the IJ. We need not address the BIA's additional reasons leading to the denial (lack of evidence showing Liu notified her counsel and the disciplinary authority, as required by *Lozada*).

### III.

For the foregoing reasons, we will deny Liu's petition for review.

---

[2](...continued)
responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.'
*Zheng v. Gonzales*, 422 F.3d 98, 106 (3d Cir. 2005) (quoting *Matter of Lozada*).